# EXHIBIT A

Filed
D.C. Superior Court
02/21/2022 06:55PM
Clerk of the Court

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

_Simon Morrow Coleman_ vs _Tomas Ranse PC_

Case Number: **2021 CA 004957 M**

Date: 12/27/2021

☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) _Clifford M Morris_ | Relationship to Lawsuit |
|---|---|
| Firm Name: _Law Office Clifford M Morris_ | ☒ Attorney for Plaintiff |
| Telephone No.: _202 262 9108_   Six digit Unified Bar No.: _417462_ | ☐ Self (Pro Se)  ☐ Other: |

TYPE OF CASE: ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury

Demand: $ _50,000.00_   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar#: _____

---

NATURE OF SUIT: (Check One Box Only)

**A. CONTRACTS**  **COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☒ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE   IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**
- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**
- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)
- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____   12/27/2021
Attorney's Signature            Date

Superior Court of the District of Columbia
CIVIL DIVISION
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Superior Architecture and Construction, et al.
_____
Plaintiff

vs.

General Counsel, P.C., et al.
_____
Defendant

Case Number _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Clifton M. Mount
_____
Name of Plaintiff's Attorney

1627 K Street, NW #400
_____
Address
Washington DC 20006

202 262 9125
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                                              Super. Ct. Civ. R. 4




# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Superior Architecture and Construction, et al
_____
                       Demandante
               contra

General Counsel, P.C., et al.
_____
                       Demandado

Número de Caso: _____

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Clifton M. Mount
_____
Nombre del abogado del Demandante

1627 K Street NW #400
_____
Dirección
Washington DC 20006
_____

202 262 9125
_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
                 Subsecretario

Fecha _____

如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828로 전화주십시오     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                               Super. Ct. Civ. R. 4

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| SUPERIOR ARCHITECTURE AND CONSTRUCTION, LLC AND DANIEL STEINKOLER (Individually) 2201 WISCONSIN AVE., N.W. WASHINGTON, D.C. 20007<br><br>Plaintiffs<br><br>v.<br><br>GENERAL COUNSEL, P.C. AND MERRITT GREEN (INDIVIDUALLY) AND ANDREW BAXTER (INDIVIDUALLY) 6489 OLD DOMINION DRIVE NO. 220 MCLEAN, VIRGINIA 22101 SERVE: MERRITT GREEN AND ANDREW BAXTER<br><br>Defendants | Case No. **2021 CA 004957 M** |

## COMPLAINT
### (Professional Negligence – Breach of Contract – Fraudulent Inducement – Negligent Inducement – Breach of Fiduciary Duty)

1

Come now Plaintiffs, Superior Architecture and Construction, LLC, ("Superior"), and Daniel Steinkoler ("Steinkoler") (collectively, "Plaintiffs"), through undersigned counsel, and as and for their complaint, say as follows:

## Jurisdiction and Venue

1. Superior and Steinkoler are District of Columbia residents who regularly conduct business in the District of Columbia in the general contracting business. At all times material hereto, General Counsel, P.C. ("GCPC"), Merritt Green ("Green"), and Andrew Baxter ("Baxter"), collectively, ("Defendants") undertook to represent Plaintiffs, as their lawyers, in an employment discrimination case in the Superior Court of the District of Columbia, styled <u>Derrick Russell v. Superior Architecture and Construction, LLC, et al.</u> Case No. 2020 CA 002520 B, and later, JAMS Arbitration styled <u>Derrick Russell v. Superior Architecture and Construction, et al.</u> JAMS Arb. Ref. No. 14100008670 ("Superior Court Case/Arbitration").

2. GCPC regularly conducts business as a law firm in the District of Columbia, and Green and Baxter are licensed to practice law in the District of Columbia. All litigation and representation involving the parties in the Superior Court Case/Arbitration took place in the District of Columbia. The amount in controversy in this suit exceeds $10,000.00.

## Parties

3. Superior is a licensed general contractor in the District of Columbia, Maryland and Virginia engaged, primarily, in construction and renovation work. Steinkoler is the founder, sole owner, and president of Superior.

4. GCPC is a private law firm headquartered in McLean, Virginia. Green is the founder, and managing partner of GCPC. Baxter is the Lead Litigator at GCPC. At all times relevant

2

hereto, Green and Baxter were acting in the course of their employment with GCPC and/or as 1099's of the firm.

### Facts

5. On or about June 08, 2020, Defendants undertook to represent Plaintiffs in the above mentioned Superior Court Case/Arbitration. The cases were settled by confidential settlement agreement, dated March 10, 2021. A central provision for the benefit of Plaintiffs in the settlement agreement was counsel for the plaintiff in the Superior Court Case/Arbitration, undertaking "reasonable efforts" to remove/cause to be removed a negative/false/defamatory/slanderous/libelous/disparaging "press release" paid for by counsel for the plaintiff in the Superior Court Case/Arbitration. Counsel for the plaintiff in the Superior Court Case/Arbitration posted the "press release" through its pay for post provider, Global News Wire, on the World Wide Web. The "press release" falsely stated(s) Steinkoler and Superior were/are racists, and illegally manipulated the criminal legal system against the plaintiff in the Superior Court Case/Arbitration..

6. Baxter, and/or all Defendants induced Plaintiffs to sign the settlement agreement with assurances the "press release" would be removed. On March 30, 2021, an email exchange occurred by and between Steinkoler and Baxter, cc. Green, wherein Steinkoler expressed doubt that a joint letter to Global News Wire would result in the removal of the "press release." Baxter responded,

It's going to be a joint letter. It's the best way to do it so the press release actually comes down. Please trust us on this.

7. Further, Baxter and/or all Defendants advised Plaintiffs opposing counsel in the Superior Court Case/Arbitration required sixty (60) days from the date of execution to remove the "press release." Baxter, and/or all Defendants, had no knowledge, experience, and/or

undertook no research/due diligence to determine whether the removal of the "press release" was possible/how to remove the "press release" from the Global News Wire site, and/or research/explore any alternative methods to more effectively remove the "press release" from the Global News Wire site. Later, on April 06, 2021, in an email to Steinkoler, Baxter advised Steinkoler, without factual basis/incorrectly/without research and/or due diligence/without actual knowledge, that:

> none of the parties or attorneys in this case have any means of directly controlling . . . [Global News Wire], so what is reasonable in these circumstances is at least limited by what is possible.

Further, upon information and belief, Baxter and Green, personally, did not like Steinkoler; were afraid of opposing counsel; and desired to dispose of the Superior/Steinkoler case as quickly and perfunctorily as possible.

8. Baxter, and/or all Defendants intentionally, knowingly, and/or negligently failed to undertake *any* research/due diligence to determine whether the removal of the "press release" was possible/how to remove the press release from the Global News Wire site, and they certainly had no prior knowledge as to how to remove the press release from the Global News Wire site. There is not a single time entry from any of the Defendants in their time records indicating any effort/research/due diligence was undertaken to remove the "press release" from the Global News Wire site.

9. Had Baxter, and/or all Defendants expended any effort/research/due diligence to determine how to remove the "press release" from the Global News Wire website as required by their professional obligations, and fiduciary duties as attorneys for Superior/Steinkoler, they would have, with one phone call to Global News Wire, determined opposing counsel could contact their account representative at Global News Wire, and had a "Disregard"

4

notice published in regards to the damaging "press release," or even done so from opposing counsel's desk top computer, to include a total "Disregard," and/or an edited "Disregard." Such efforts could be undertaken in less than two hours, and would have the effect of disconnecting the "press release," in whole or in part, from all search engines, including, but not limited to AP, GOOGLE, and Yahoo Business News.

10. The false/defamatory/slanderous/libelous/disparaging "press release" remains untouched on the Global News Wire site to this date, and caused/continues to cause serious financial, and reputational harm to Superior/Steinkoler, as well as mental and personal harm to Steinkoler.

11. As of the date of this filing, Superior/Steinkoler can document over Thirty Million Dollars ($30,000,000.00) in lost construction revenue due to partners cancelling business for Superior/Steinkoler as a result of the negative "optics" the "press release" causes for major construction projects in the District of Columbia.

**Count I – Professional Negligence**

12. Paragraphs 1-11 are adopted by reference herein.

13. Baxter, and/or all Defendants induced Plaintiffs to sign the settlement agreement with assurances the "press release" would be removed despite having undertaken no research/due diligence to determine whether the removal of the "press release" was possible/how to remove the press release from the Global News Wire site, the ease with which the "press release" could have been flagged "Disregard," in whole or in part, and/or were void of any prior knowledge as to how to remove the press release from the Global News Wire site. Defendants advised Plaintiffs to "trust them." The uninformed/ignorant/unsupported/negligent/incorrect inducement by Defendants of

Plaintiffs to sign the settlement agreement violates/breaches, *inter alia*, standards of care set forth in D.C. Rules of Professional Conduct 1.1 – Competence, 1.3 – Diligence and Zeal, and 2.1 – Advisor, 1.7 – Conflict of Interest; General Rule, 5.2 – Subordinate Lawyers .

14. The multiple breaches of the standards set forth, *inter alia*, in the foregoing Rules of Professional Conduct caused, and continue to cause, Superior/Steinkoler financial, reputational, physical, and mental damages. As of the date of this filing, Superior/Steinkoler, due to the "optics" of the "press release," can document over Thirty Million Dollars ($30,000,000.00) in lost construction revenue because Superior/Steinkoler's partners canceled Superior/Steinkoler's roles in numerous, major District of Columbia construction projects. Superior/Steinkoler have, and continue to suffer reputational, financial, and mental and physical anguish as a result of the failure to remove the "press release."

### Count II - Breach of Contract

15. Paragraphs 1-14 are adopted by reference herein.

16. Plaintiffs entered into a written contract/retainer letter with Defendants, dated November 08, 2019, wherein, the contract/retainer letter, expressly stated the following:

    This letter confirms General Counsel, P.C. ("GCPC") engagement [sic.] as legal counsel to Superior Architecture and Construction Service, LLC (the "Company") [sic.], and provides information concerning our fees and other terms that will govern our relationship. GCPC will represent the Company as outside general counsel.

    The contract/retainer is electronically signed by Merritt J. Green, "Founder/Managing Partner of GCPC."

17. By failing and refusing to fulfill their obligations, professional and fiduciary, as attorneys for Plaintiffs as set forth, *inter alia*, in Paragraphs 12-13, *supra*, Defendants materially breached the contract/retainer letter, dated November 08, 2019.

18. Plaintiffs have suffered extensive monetary damages as a direct and proximate cause of Defendants' breaches, and continue to do so.

### Count III - Fraudulent Inducement and Fraudulent Omissions

19. Paragraphs 1-18 are adopted by reference herein.

20. Plaintiffs were fraudulently induced by Defendants into entering into the settlement agreement, and paying substantial funds to the plaintiff in the Superior Court Case/Arbitration without receiving the benefit of the bargained for removal of the "press release" from the Global News Wire site.

21. Defendants (i) made numerous malicious, intentional misrepresentations to Plaintiffs; (ii) of existing material fact; (iii) with knowledge that the representations were false and/or misleading; (iv) with the intent that the representations induce injurious action; (v) with consequent injury to Plaintiffs; (vi) acting in reasonable reliance thereon.

22. Defendants knowingly and intentionally withheld existing material facts, specifically the fact that they had no knowledge of, nor did they undertake any research/due diligence as to how to take down the false/defamatory/slanderous/libelous/disparaging "press release." Further, Defendants, on April 06, 2021, in a written email to Steinkoler, falsely/incorrectly/ intentionally/maliciously stated it was "impossible" to take down the "press release" as none of the involved attorneys had any control over the Global News Wire site.

23. Plaintiffs did not know or have reason to know, nor could have discovered, through the exercise of reasonable diligence, the falsity of the foregoing misrepresentations regarding

7

the removal of the "press release," and instead, followed their lawyers' specific, written advice to "trust them."

24. Defendants intended for Plaintiffs to rely upon the foregoing misrepresentations and omissions in entering into the settlement agreement, and paying the settlement amounts so as to dispose of the Superior Court Case/Arbitration and Superior/Steinkoler.

25. As a direct, proximate, and foreseeable result of Defendants' material misrepresentations and concealments, Plaintiffs have been severely damaged.

26. At all times pertinent hereto, Plaintiffs have acted reasonably.

### Count IV - Negligent Misrepresentation and Omissions

27. Paragraphs 1-26 are adopted by reference herein.

28. Alternatively, Defendants (i) made negligent representations and/or omissions to Plaintiffs; (ii) of existing material fact; (iii) recklessly, negligently, without knowledge of the truth or falsity, and/or under circumstances, where Defendants should have known the truth or falsity; (iv) with consequent injury to Plaintiffs; (v) acting in reasonable reliance thereon.

29. Defendants directly participated in, and made the misrepresentations and/or omissions to Plaintiffs regarding the "impossibility" of the removal of the "press release," and to "trust them."

30. Plaintiffs did not know, have reason to know, nor could have discovered, through the exercise of reasonable diligence, the falsity of the foregoing negligent misrepresentations or the existence of the foregoing omissions, suppressions and concealments, and instead, followed their lawyers' specific, written advice to "trust them."

31. As a direct, proximate, and foreseeable result of the Defendants' negligent misrepresentations and omissions, Plaintiffs have been severely damaged.

### Count V – Breach of Fiduciary Duty

32. Paragraphs 1-31 are adopted by reference herein.

33. Defendants, jointly and severally, were Plaintiffs' lawyers contractually, professionally, and legally bound to represent Plaintiffs in the Superior Court Case/Arbitration. The fore going arrangements gave rise to joint and several fiduciary duties owed by Defendants as attorneys for Superior/Steinkoler, mandating that Defendants act in the very best interests of Superior/Steinkoler .

34. As set forth throughout, *supra*, Defendants jointly and severally, repeatedly breached their fiduciary duties to Superior/Steinkoler, and caused/continue to cause Superior/Steinkoler substantial damages.

WHEREFORE, Plaintiffs, request that this Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

    A.    Award Plaintiffs compensatory, including mental and physical anguish, damages of Forty Million Dollars ($40,000,000.00);

    B.    Award Plaintiffs their attorneys' fees and costs, as may be permitted by law;

    C.    Award Plaintiffs prejudgment and post judgment interest;

    D.    For punitive damages in the amount of Twenty Million Dollars ($20,000,000.00); and

    E.    For such other and further relief as the Court may deem appropriate.

Respectfully submitted,

**THE LAW OFFICE OF CLIFTON M. MOUNT, PLLC**


By: *Clifton M. Mount*
Clifton M. Mount, Esquire, #417462
1627 K Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 262 9125 telephone
cliftonmount@yahoo.com

Counsel for Plaintiffs Superior Architecture and Construction, LLC, and Daniel Steinkoler

## JURY DEMAND

Plaintiffs hereby demand trial by jury as to all such issues so triable.


*Clifton M. Mount*
Clifton M. Mount

10



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

SUPERIOR ARCHITECTURE AND CONSTRUCTION LLC
et al                                                                                  C.A. No.        2021 CA 004957 M
   Vs.
GENERAL COUNSEL, PC et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference <u>once</u>, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

Case Assigned to:  Judge HEIDI M PASICHOW
Date:                  January 21, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, April 01, 2022
Location:   Courtroom 516
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring